IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,390-01






EX PARTE KENNETH NEAL RATLIFF, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13735-A IN THE 29TH DISTRICT COURT


FROM PALO PINTO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault on a
public servant and sentenced to thirty years' imprisonment. After appellate counsel filed an Anders
brief, the Eleventh Court of Appeals affirmed his conviction. Ratliff v. State, No. 11-08-00231-CR
(Tex. App.-Eastland, January 22, 2009). 

 Applicant contends that his trial counsel rendered ineffective assistance by his failure to
investigate an invalid enhancement, and by eliciting prior conviction testimony from Applicant
which had been ruled inadmissible for impeachment purposes prior to trial. He also alleges that
appellate counsel was ineffective for failing to raise trial court error for denying a requested
instruction for a lesser included offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial and appellate counsels regarding Applicant's claims
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether Brown County cause number 12,503 was
used as an enhancement of the instant sentence and if so, whether Applicant's initial sentence of
community supervision had been revoked prior to the current sentence being imposed. The trial
court shall make findings as to whether trial counsel had a strategic reason to question Applicant
about all of his prior convictions, and whether Applicant was harmed by those questions from
counsel. The trial court shall make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall make findings as to whether trial counsel requested a lesser included offense
instruction, whether the evidence supported the giving of such an instruction, and if so, whether
Applicant suffered some harm by the failing of the trial court to give such an instruction. The trial
court shall also make findings of fact as to whether the performance of Applicant's appellate counsel
was deficient, and if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 24, 2011

Do not publish